UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-80965-CV-MIDDLEBROOKS/Brannon

MARK J. SPANAKOS,

     Plaintiff,

v.

ALAN ARONSON, SECURE START USA, LLC,
AUTO SECURE USA, INC., and
AUTO SECURE INC.,

     Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court on the Motion to Dismiss filed on October 2, 2017, by Defendants Alan Aronson and Secure Start USA, LLC. (DE 15, 15-1). Plaintiff Mark J. Spanakos filed a response on October 16, 2017 (DE 18), to which Defendants replied on October 22, 2017 (DE 23). For reasons stated below, the Motion to Dismiss is denied.

## BACKGROUND

Plaintiff filed this action for the direct infringement of the "Hawk Patent." The Hawk Patent is "biometric fingerprint technology" which may be installed in an automobile to enable ignition of the vehicle by activation of a sensor which recognizes the blood vessels underneath the fingertip of a user. (Compl. ¶ 24). The Complaint alleges that the Hawk Patent was originated in 2000 by a third party named David Coriaty, and others. (Compl. ¶ 11). In 2001, Coriaty and the other originators assigned their rights to the patent to Hawk International, Inc., and in 2005, that entity assigned all rights to Hawk Biometrics of Canada Inc., a company now named Hawk Systems, Inc. (Compl. ¶¶ 13-15). The various assignments are attached as exhibits

to the Complaint. (Compl. Exh. A, B, C). In 2014, Plaintiff alleges that he acquired ownership of the Hawk Patent as a result of a state court Judgment. (Compl. ¶ 18). The Judgement was entered on December 23, 2014, and is attached to the Complaint. (DE 1-6). The Judgment purports to "extinguish" Hawk Systems, Inc's interest in the Hawk Patent and "vest" all "rights, title and interest" in the patent to Plaintiff, retroactively from November 2008 to the present. (Compl. ¶ 18; DE 1-6). In 2015, Plaintiff recorded the Judgment with the USPTO.

Several months prior to the issuance of this state court Judgment, however, the Complaint alleges that David Coriaty, "without owning any rights to or interests in the Hawk Patent, caused an 'assignment' to be filed with the USPTO in an attempt to assign the Hawk Patent to Defendant Auto Secure." (Compl. ¶ 16). Plaintiff states:

> This "assignment" was filed during the pendency of a state action filed by [Plaintiff] to foreclose on a security interest agreement, secured by the Hawk Patent. Coriaty's assignment was a blatant effort to fraudulently transfer collateral, which was no longer his, to a third party to evade the effects of the state court action.

(Compl. ¶16.) Several months after Coriaty's allegedly fraudulent assignment to Auto Secure, that company assigned the patent to Auto Secure USA. (Compl. ¶ 17; DE 1-5, 1-6).

Plaintiff alleges that Aronson and the companies he owned/managed "knew or should have known" that David Coriaty did not own the Hawk Patent when he purportedly assigned it to Auto Secure in 2014. (Compl. ¶ 26). Plaintiff further claims he sent cease and desist letters to Aronson and other Auto Secure representatives in September of 2015 (Compl. ¶ 28), and Aronson responded by "claiming rights in the Hawk Patent and encouraging litigation." (Compl. ¶ 29).

Plaintiff claims that since at least as early as 2015, Aronson "continues to make, use, and offer biometric security system services, though various companies, including but not limited to

the Aronson Companies, in a manner which infringes the Hawk Patent." The instances of infringement include advertising the patent (DE 1, Exh J), offering products containing the technology (Compl. ¶¶ 25, 32), and soliciting others to invest in the Aronson Companies to promote devices using the Hawk Patent (Compl. ¶ 25). Moreover, in June of 2017, Aronson allegedly called Plaintiff directly attempting to sell his rights to the Hawk Patent for $250,000 (Compl. ¶ 35). Based upon these allegations, Count I seeks monetary damages from Defendant Aronson and the Defendant Companies for their direct infringement upon the Hawk Patent, in violation of 35 U.S.C. § 271(a)-(c). (DE 1 at 5-9). Count II seeks injunctive relief prohibiting Defendants from further infringement, in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

Defendant Aronson and Secure Start USA filed this Motion to Dismiss the Complaint, arguing (1) the Complaint fails to satisfy the notice pleading standard because it "lump[s] the defendants together" and no defendant knows "specifically what conduct they are individually alleged" to have engaged in (DE 15-1 at 5); (2) the Complaint lacks factual support and therefore does not meet the standards required by *Tombly* and *Iqbal* (DE 151 at 7); (3) "Plaintiff has failed to adequately set forth his interest in the subject patent" and therefore he lacks standing to bring this suit (DE 15-1 at 8); (4) the facts pled are insufficient to proceed with an infringement analysis because Plaintiff did not include "a copy of the patent, a proper claims description, and the specifics of the alleged infringing products" (DE 15-1 at 10-11); (5) the Complaint fails to name indispensable parties, namely, "each of the possible rights holders in the chain of title of the subject patent" (DE 15-1 at 11-12).

## STANDARD

"Application of Rule 12(b)(6) is a procedural question not pertaining to patent law. Therefore, this court applies the rule of the regional circuit," in this case the Eleventh Circuit.

Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc., 347 F.3d 935, 937 (Fed. Cir. 2003)

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). The court must limit its consideration to the complaint. *See GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). The factual allegations are accepted as true and all reasonable inference from these allegations are drawn in the plaintiff's favor. *See Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). The plaintiff, however must allege more than "labels and conclusions." *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-5 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient).

## DISCUSSION

**Notice.** Federal Rule of Civil Procedure 8(a) provides for notice pleading. The Rule requires a complaint to set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Fed. Trade Comm'n v. Student Aid Ctr., Inc., 281 F. Supp. 3d 1324, 1330 (S.D. Fla. 2016) (citing Twombly, 550 U.S. at 555). Defendants argue that the Complaint should be dismissed because the allegations do not provide defendants notice of "what it is they are alleged to have done, separate and apart from each other, and the other defendants." (DE 15-1 at 8). In response to Defendant's claim that Plaintiff improperly "lumps"

the conduct of the Defendants together, Plaintiff argues that Defendants are sufficiently on notice

of their alleged wrong doing because "all the defendants are Alan Aronson using his companies

as alter egos." (DE 18 at 2).

The Complaint alleges that Defendant Aronson owns, manages and operates Secure Start

USA, Auto Secure USA, and Auto Secure Inc. (collectively, "the Defendant Companies")

(Compl. ¶¶ 1, 23).  Defendant Aronson's signature appears on at least two patent assignments as

"CEO" and/or "Founder" of the Auto Secure companies.  (DE 1-4, 1-5).  According to the

Complaint, the residential address listed for Aronson is also the address of the principal place of

business of Auto Secure Inc. (Compl. ¶¶ 3, 6).  Defendant Aronson is listed as "manager" of

Secure Start USA in the Florida LLC Articles of Organization filed for that company.  (DE 18-

13).[1]  With respect to the infringing conduct, the Complaint alleges that the Defendant

Companies "offer biometric security, using the Hawk Patent, to its customers for purchase."

(Compl. ¶ 24).  The Complaint further alleges that Defendant Aronson "has been soliciting

'investors' to invest in the [Defendant Companies] to promote devices using the Hawk Patent."

(Compl. ¶25).  Thus, Plaintiff argues in response to the motion to dismiss that these allegations

support a conclusion that Defendant Aronson "uses each of his alter egos to advertise, market,

and sell the Hawk patent" (DE 18 at 3).

I agree with Plaintiff that under these circumstances, no specific parsing of the

individualized misconduct committed by each defendant is necessary.  Defendant Aronson was

the person who controlled the Defendant Companies, according to the allegations that he owned,

managed and operated them.  Because the companies acted through Defendant Aronson, I find

that the overall allegations, even to the extent that they group the conduct of the defendants

---

[1] This document is attached as an exhibit to Plaintiff's Response to the Motion to Dismiss and
Defendant does not dispute its authenticity.

together, are sufficient to provide general notice of the allegedly infringing conduct. This is especially so given that these allegations only need to satisfy Rule 8, and no heightened pleading standard applies here. *See, e.g., Duggan v. Terzakis*, 275 F. Supp. 2d 968, 973 (N.D. Ill. 2003) (finding that the plaintiffs satisfied Rule 9(b) although multiple defendants were "lumped together" throughout the complaint given that the entities were alter egos of one another and plaintiffs alleged substantial overlapping ownership).

*Twombly/Iqbal.* Citing *Twombly,* Defendant argues, in rather conclusory fashion, that the Complaint contains "merely formulaic recitations" of the causes of action "without any substantive factual support whatsoever." (DE 15-1 at 9). Defendant's argument is legally and factually misguided.

This is a *direct* patent infringement case. *See* Compl. at ¶ 22 (alleging that Defendants "have directly infringed upon and continue to directly infringe upon the Hawk Patent in violation of 35 U.S.C. § 271(a)(c) by making, using, offering to sell, selling (directly or through intermediaries), and/or importing, . . . products using and/or containing technology protected under the Hawk Patent without authority or license from [Plaintiff]"). In direct infringement cases, simple conformity with the requirements of Form 18 of the Federal Rules of Civil Procedure is sufficient, and the full-fledged *Twombly/Iqbal* plausibility analysis is not necessary. *See In re Bill of Lading Transmission,* 681 F.3d 1323, 1335-36 (Fed. Cir. 2012).

The following five elements are sufficient to state a claim for direct infringement, consistent with Form 18's example of a patent complaint: (1) ownership of the patent, (2) the infringer's name, (3) a citation to the infringed patent, (4) the infringing activity, and (5) citations to federal patent law. *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,* 203 F.3d 790, 794 (Fed. Cir. 2000). The Complaint alleges that Plaintiff is the owner of the Hawk Patent,

which is identified by its full U.S. Patent Number.   The Complaint further identifies each defendant, and alleges that they intentionally infringed by marketing the patented technology and offering it for sale, and by soliciting investments in the Defendant Companies to promote the technology. Finally, the Complaint cites federal patent law.  These allegations are sufficient.

Finally, Defendant suggests that the Complaint is deficient because no copy of the patent is attached. (DE 15-1 at 9).  No patent need be attached, however.  The Complaint sufficiently identifies the patent by citing to the U.S. Patent Number (Compl. at ¶ 1), and by attaching Assignment Forms filed in the USPTO (DE nos. 1-1 through 1-7).  Regardless, the patent is attached to Plaintiff's Response to the Motion to Dismiss (DE 18-1), thereby rendering this argument moot.[2]

**Standing.**  A party must have standing at the inception of a lawsuit in order to seek damages for infringement of a patent.  *See Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991).  Defendant argues that the complaint does not plead facts which set forth Plaintiff's interest in the patent. I disagree.

Plaintiff asserts that he is the sole "lawful owner and holder" of the Hawk Patent. (Compl. ¶ 20).  Plaintiff alleges that his ownership in the patent derives from a Palm Beach County Circuit Court order issued on December 23, 2014 "vesting all rights, title and interest in the Hawk Patent, from November 208 to present, in favor of Plaintiff." (Compl. ¶ 18).  The Judgment is styled *Mark Spanakos v. Hawk Systems, Inc., et al.* and states:

> Final Judgment is hereby entered against Defendants Hawk Systems, Inc. and Hawk Biometric Technologies., Inc.

---

[2] Defendant does not contest the authenticity of this document, and the document is central to Plaintiffs' claims.  As a result, I will consider the patent in resolving the instant Motion to Dismiss and in doing so, Defendants' motion need not be converted into one for summary judgment in accordance with Federal Rule of Civil Procedure 12(d).  *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

> (collectively "Defendants") and in favor of Plaintiff Mark Spanakos ("Plaintiff"), in the amount of $3,096,782.00 . . . . Final Judgement of foreclosure of the security interests held by Plaintiff as of the date of default, November 1, 2008, in [shares of stock and voting rights] in Defendant Hawk Systems, Inc. . . . is Granted in favor of Plaintiff. . . .   All rights title and interest in these Defendants [to] U.S. Patent 6,927,668 [the Hawk Patent] . . . are hereby vested in Plaintiff . . . Re: Patent 6,927,668 [the Hawk Patent] . . .   these defendants' claims, interests, are hereby expressly extinguished.

(DE 1-6).[3]  Plaintiff alleges that he recorded the above Judgment with the USPTO on August 27, 2015, reflecting the effective date of the transfer as November 1, 2008, consistent with the terms of the state court order.  (Compl. ¶ 19; DE 1-7).

"[T]he question of who owns the patent rights and on what terms typically is a question exclusively for state courts." *Kim Arnold Corp. v. Hydroteck Sys., Inc.,* 109 F.3d 1567, 1572 (Fed. Cir. 1997).  "A party that has been granted all substantial rights under the patent, regardless of how the parties characterize the transaction that conveyed those rights, is considered to have legal title, and therefore standing." *Sky Technologies LLC v. SAP AG,* 576 F.3d 1374, 1379 (2009) (internal quotation marks omitted).  The "substance of what was granted," rather than the form of the transaction, determines the rights in the patent. *Speedplay, Inc. v. Bebop, Inc.,* 211 F.3d 1245, 1250 (Fed. Cir. 2000).  Patent ownership may be transferred not only through assignment, but also through operation of law, even if no writing exists. *See Akazawa v. Link New Technology International, Inc.,* 520 F.3d 1354, 1358 (Fed. Cir. 2008) (holding that title to patent could be passed through intestacy by operation of state or foreign intestacy law); *Sky Technologies* at 1380 ("foreclosure under state law may transfer patent ownership").

---

[3] The attorney currently representing Defendants Aronson and Secure Start in this case is listed on the state court Judgment as counsel of record for Hawk Biometrics of Canada and David Coriaty.

Here, Plaintiff attaches to his Complaint a Florida Circuit Court Judgment purporting to grant him all rights to ownership in the Hawk Patent.  This is sufficient to plead standing. Defendant argues that the Judgment "is entirely unclear as to what rights were vested in the Plaintiff" because the judgment is "partially illegible, grammatically incorrect, and unclear on its face."  (DE 15-1 at 11).  I am not persuaded by these assertions, as I was able to read and understand the Judgment without issue.  But regardless, this argument is wholly unavailing in light of this court's obligation to assume the truth of Plaintiff's factual allegations and draw all reasonable inferences in his favor.

Defendant further argues that the Plaintiff's allegations concede that "other defendants in this matter have superior claims to his claim," presumably referring to Coriaty's 2014 assignment to Auto Secure during the pendency of Plaintiff's state litigation to foreclose on the Hawk Patent, before the Judgment was entered.  (DE 15-1 at 11).  However Plaintiff alleges that this assignment was invalid because Coriaty filed it "without owning any rights to or interests in the Hawk Patent" at the time.  (Compl. ¶ 16).  Defendants' standing arguments are therefore without merit.

**Infringement Analysis.**   Defendant argues that the Complaint should be dismissed because Plaintiff "has not provided enough information to proceed with an infringement analysis."  (DE 15-1 at 12).  "Determination of a claim of infringement involves a two-step inquiry." *Advanced Cardiovascular Sys. v. Scimed Life Sys.,* 261 F.3d 1329, 1336 (Fed.Cir.2001). "First, the claims are construed, a question of law in which the scope of the asserted claims is defined." *Id.* "Second, the claims, as construed, are compared to the accused device." *Id.* "This is a question of fact." *Id.* "To prevail, the plaintiff must establish by a

preponderance of the evidence that the accused device infringes one or more claims of the patent either literally or under the doctrine of equivalents." *Id.*

It would be premature to engage in this analysis at the motion to dismiss stage. *See Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 889–90 (N.D. Cal. 2011) ("If the Court were to construe the Ozawa Patent's claims at the motion to dismiss stage, it would be starting the process of evaluating the merits of Fujitsu's case. . . . [A] motion to dismiss is not the proper time to raise claim construction arguments."); *Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 672 (D. Del. 2010) ("claim construction is generally not appropriate on a motion to dismiss"). Thus, Defendant's motion to dismiss on this basis is denied.

**Indispensable Parties.** Defendants argue that the Complaint fails to name indispensable parties, citing Federal Rule of Civil Procedure 19. Defendant states that "each of the possible rights holders in the chain of title of the subject patent is an indispensable party" and should be "part of this action for complete adjudication." (DE 15-1 at 13). Defendants do not identify which "right holders" are indispensable but missing from this case, although they appear to take issue with their co-defendants' failure to defend this action, as explained further below.

A claim may be dismissed for failure to join a necessary party under Federal Rules of Civil Procedure 12(b)(7) and 19. Under Rule 19, the court undertakes a two-step analysis to determine whether a party should be joined. *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 876 (Fed. Cir. 1991). First, the court determines whether a party is "necessary" under Rule 19(a). If the party is deemed necessary but cannot be joined, then "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed" based upon the factors set forth in Rule 19(b). *See Vaupel*, 944 F.2d at n.1.

This Motion to Dismiss was filed by Defendants Aronson and Secure Start USA. Co-defendants Auto Secure USA and Auto Secure were served (DE 11, 12), but to date they have failed to answer or otherwise defend in this case. Accordingly, clerk's entries of default have been entered (DE 21, 22), and on Plaintiff's motion, both of these co-defendants will be subject to final default judgment. Although no counsel has appeared on behalf of co-defendants Auto Secure USA and Auto Secure, this Motion to Dismiss filed by co-defendants Aronson and Secure Start USA suggests that the defaulted defendants were not properly served. This is irrelevant to my analysis here. To the extent that Defendants view the co-defendants as indispensable, I note that they are named in the Complaint and are part of this case, so I reject that argument. Defendants identify no other potentially indispensable party.[4]

The joinder analysis is related to the standing analysis. I have concluded that Plaintiff has alleged facts to support his standing to bring this lawsuit. It is true that in cases where a plaintiff *lacks* standing to sue under the patent, then dismissal may be appropriate for non-joinder under Rule 19. *See Enzo APA & Son, Inc. v. Geapag A.G.,* 134 F.3d 1090, 1094 (Fed. Cir. 1998). Here, Plaintiff alleges facts to support his claim to all substantial rights under the asserted patent, and Defendants do not identify with any degree of clarity or factual support why any other party should be determined to be "necessary" for purposes of fairly adjudicating the case. *See Vaupel,* 944 F. 2d at 875 ("The policy underlying the requirement to join the owner when an exclusive licensee brings suit is to prevent the possibility of two suits on the same patent against a single infringer . . . This policy is not undercut here because the right to sue rest[s] solely with [Plaintiff]").

---

[4]  Defendants allude to the existence of two companies that merged with the co-defendant companies. Defendants provide no explanation as to what interest these companies have in the patent at issue, such that they would be "necessary" under Rule 19(a).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE 15, 15-1) is **DENIED**. Because the Complaint's allegations are sufficient to state claims for relief, Defendant's request for more definite statement is also denied.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this _2_ day of April, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE